ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| HILDA MARÍA ARIAS CAO<br><br>Recurrido<br><br>v.<br><br>SERGIO RAMÓN ARIAS CAO<br><br>Peticionario | KLCE202401300 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: CA2020CV02750<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece el señor Sergio Ramón Arias Cao (señor Arias Cao o peticionario) y nos solicita la revocación de una *Orden* notificada el 1 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario). En esta, el TPI atendió varios asuntos interlocutorios atinentes al caso de epígrafe, sobre la partición y liquidación de la comunidad de bienes hereditarios. En esta etapa de los procesos, el peticionario cuestiona la denegatoria a su solicitud de crédito por concepto de los gastos de limpieza incurridos en uno de los bienes inmuebles del caudal hereditario.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*. Veamos.

## I.

La señora Hilda María Arias Cao (señora Arias Cao o recurrida) instó la demanda de epígrafe el 28 de diciembre de 2020,[1]

---

[1] Entrada núm. 1 en el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

en contra de su hermano, aquí peticionario. De sus alegaciones surge que, las partes son los únicos herederos de sus difuntos padres, quienes a la fecha de su fallecimiento eran dueños de varias propiedades inmuebles, cuentas bancarias, entre otros bienes muebles. Alegó que, el señor Arias Cao ha estado en posesión de los bienes de la herencia, negándose a rendir cuentas a la recurrida sobre el uso y disfrute de dichos bienes, siendo ella dueña del 50% del total de los bienes del caudal hereditario. A esos fines, solicitó que, el TPI ordenara el inventario, avalúo y distribución del caudal hereditario más el pago de costas, gastos y honorarios de abogado.

En su contestación a la demanda, el peticionario aceptó que administra los bienes de los causantes de forma temporera en lo que se culmina la distribución del caudal ante la negativa de la recurrida de asumir responsabilidad de índole administrativa. Alegó que, la señora Arias Cao recibió la cantidad de $40,000.00 en efectivo, como adelanto a su participación hereditaria, el cual resulta colacionable en la partición de herencia solicitada. Sostuvo que, la recurrida se apropió de joyas y piedras preciosas, entre otros bienes muebles. Por último, solicitó un crédito por los gastos incurridos en el mantenimiento y gestiones de administración, así como, por los créditos y pagos correspondientes al valor de los bienes colacionables.[2] A pesar de contar con un apéndice muy abreviado, colegimos del expediente que, luego de superar etapas iniciales del litigio, el TPI autorizó el descubrimiento de prueba y atendió asuntos interlocutorios con el fin de identificar el inventario de los bienes y promover la administración del caudal pendiente la adjudicación final de la causa.[3]

Atinente al recurso presentado, surge que, en atención a una solicitud de relevo de la administración del caudal hereditario,

---

[2] Entrada núm. 10 en SUMAC.
[3] Entrada núm. 67 en SUMAC. *Minuta* del 20 de septiembre de 2021

previamente instado por el peticionario, así como las objeciones de la señora Arias Cao, el TPI ordenó que las partes presentaran una moción conjunta con el fin de presentar un acuerdo.[4]

Sobre lo antes, el peticionario indicó que, faltaba resolver ciertas controversias medulares, antes de acreditar una moción conjunta. Expuso que, permanecía en controversia la procedencia de un crédito a su favor, por los gastos incurridos, en concepto de la limpieza, efectuada en uno de los inmuebles. Además, indicó que, el TPI debería adjudicar si el adelanto de $40,000.00 que la recurrida recibió de la causante, Dolores Cao, resultaba colacionable. Añadió que, a su entender el TPI debería autorizar la venta del último bien inmueble del caudal relicto.[5]

Mediante una *Moción Informativa*, la señora Arias Cao expuso que, a la solicitud de crédito por concepto de facturas de la limpieza, ya fue adjudicada, el 8 de septiembre de 2023. Mediante dicha *Orden*, el TPI atendió ciertas mociones, en las cuales las partes discutieron el pago de una factura por gastos incurridos, por concepto de gestiones administrativas. Justipreciado este asunto de índole interlocutorio, el TPI dictaminó que, "ante la falta de notificación al coheredero de esta contratación el tribunal determina que se descontará de la parte que le corresponde a la parte demandada."[6] Sostuvo que, lo antes resulta ser la ley del caso. En cuanto al crédito solicitado por la donación de $40,000.00 que la recurrida recibió, arguyó que, le corresponde al foro primario adjudicar los planteamientos conforme a derecho. Por último, consignó su anuencia a la venta del último bien inmueble por el valor equivalente a la tasación.[7]

---

[4] Apéndice, pág. 4.
[5] Apéndice, pág. 5.
[6] Entrada núm. 243 en SUMAC.
[7] Apéndice, págs. 6 y 7.

Evaluado lo anterior, el 1 de noviembre de 2024, el TPI resolvió y notificó lo siguiente:

> En cuanto al primer planteamiento: Con lugar. Le asiste razón al demandante.
> En cuanto al segundo planteamiento: presentada la posición de la parte demandada, el Tribunal dispondrá. Se conceden 20 días.
> En cuanto al tercer planteamiento: no se autoriza la venta en este momento. Se atenderán todos los asuntos pendientes en primer lugar.
> Luego de ello, se presenta el cuaderno particional final y se emite la sentencia.[8]

Inconforme, el señor Arias Cao acude ante esta Curia y en su único señalamiento indica lo siguiente:

> Erró el juez sentenciador al declarar No Ha Lugar la Moción solicitando la acreditación del pago de la participación del demandante favor del demandado.

Hemos examinado con detenimiento el recurso ante nos y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

---

[8] Apéndice, pág. 8.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### III.

En la presente causa, el peticionario alega que, erró el TPI al emitir la *Orden* recurrida en la que, entre otros asuntos, denegó la solicitud de un crédito a su favor, por concepto de gastos incurridos, por servicio de limpieza, brindado por la compañía JN Capital Contractors, en un inmueble perteneciente al caudal hereditario. Luego de examinar el recurso instado, cónsono con la Regla 52.1 de Procedimiento Civil, *supra,* se desprende que lo planteado no está contenido en las instancias contempladas para que esta Curia pueda entender sobre un recurso de *certiorari.*

De un examen del expediente observamos que, en atención a la solicitud de crédito por los gastos incurridos en la limpieza de una de las propiedades de la comunidad hereditaria, el TPI consideró

que, dicha controversia fue resuelta con anterioridad, mediante *Orden* notificada en autos, el 8 de septiembre de 2023. En su pronunciamiento, brevemente el TPI dictaminó que, a la recurrida le asistía la razón toda vez que, surge de la Entrada Número 243 de 8 de septiembre de 2023, que dicho asunto fue previamente resuelto. En su recurso, de forma confusa, el peticionario hace referencia a otro caso número CA2023CV0000 que no corresponde al caso de epígrafe. Asimismo, solicita nuestra intervención sobre la denegatoria a su solicitud, por entender que el foro eximió a la recurrida de responsabilidad. Lo antes sin abundar sobre lo que surge de lo resuelto por el TPI mediante la referida *Orden* notificada el 8 de septiembre de 2023 sobre el mismo asunto.

Como vemos, el peticionario no recurre de una resolución u orden al amparo de una solicitud de remedio provisional, orden de entredicho provisional o en ocasión de una denegatoria a una moción de carácter dispositivo. El peticionario tampoco impugna una orden o resolución interlocutoria sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, anotaciones de rebeldía o asuntos de familia. Por último, el peticionario no nos ha puesto en posición de determinar que, esperar a la apelación, pudiera constituir un fracaso irremediable de la justicia.

Resumiendo, mediante el recurso de epígrafe, el peticionario cuestiona una determinación interlocutoria relacionada exclusivamente al manejo del foro primario en los asuntos pertinentes a la partición de herencia pendiente ante su consideración. Sin embargo, la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*, no nos confiere autoridad para expedir un recurso de *certiorari* en circunstancias relacionadas a cómo deben conducirse los procedimientos ante el foro primario y mucho menos sobre un asunto resuelto en una etapa procesal anterior. Por

tanto, toda vez que el dictamen recurrido no está comprendido dentro del marco de decisiones interlocutorias revisables al amparo de la Regla 52.1 de Procedimiento Civil de Puerto Rico, *supra*, carecemos de autoridad para revisarlo.

Aún si consideráramos que, el dictamen recurrido es revisable al palio de la Regla 52.1 de Procedimiento Civil, *supra*, lo cierto es que, no supera el rigor de la Regla 40, *supra*. Por lo que, al evaluar el recurso de epígrafe, al amparo de los criterios para la expedición del auto de c*ertiorari* de la Regla 40 del Reglamento de este Tribunal, *supra,* encontramos que el mismo no presenta un asunto que amerite nuestra intervención en esta etapa procesal. Por ende, consideramos prudente abstenernos de intervenir en el manejo que realiza el foro *a quo*. Nada en el expediente apelativo ante nuestra consideración mueve nuestro criterio a determinar que la denegatoria de la solicitud de crédito en esta etapa de los procesos constituye un fracaso irremediable de la justicia. Por consiguiente, nos vemos forzados a denegar la expedición del auto de *certiorari* por tratarse de un asunto interlocutorio que no tiene cabida bajo la precitada regla.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
